# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PENNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JON FRANCO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00382-GSA PC<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND ISSUANCE OF PRELIMINARY INJUNCTION, WITHOUT PREJUDICE<br><br>(Docs. 2, 4, and 10) |

**I.**    **<u>Order on Motions for Appointment of Counsel and for Preliminary Injunction</u>**

Plaintiff Dana Penney is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff, who is currently housed at the United States Penitentiary-Atwater, filed this action on March 2, 2009, alleging an Eighth Amendment claim against Defendants Franco, Mettry, Sorenson, and Rios for deliberate indifference to his serious medical needs. In a separate order issued concurrently with this order, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and ordered that service of process was appropriate on Defendants.

On March 2, 2009, in conjunction with his complaint, Plaintiff filed a motion seeking the appointment of counsel, and a motion seeking a preliminary injunction mandating that Defendants provide Plaintiff with immediate medical attention. On April 1, 2009, Plaintiff filed a second motion seeking a preliminary injunction mandating he be hospitalized for testing and treatment.

///

### A. Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

### B. Motions for Preliminary Injunction

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

1 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

2 Id.

3 "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). Further, a mandatory preliminary injunction such as that sought by Plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff's motions are not accompanied by admissible evidence. Although Plaintiff attached medical records and documentation to his motions, the Court cannot interpret the records, as interpretation requires a medical expert. Further, because Plaintiff is not a medical expert, he is not qualified to offer an opinion that he has medical needs which require immediate treatment. Because Plaintiff has not supported his motion with any admissible evidence demonstrating a significant threat of irreparable injury, he has not met his burden and his motion must be denied. The denial shall be without prejudice to renewal.

### C. Order

For the reasons set forth herein, Plaintiff's motion for the appointment of counsel and motion for preliminary injunctive relief, filed March 2, 2009, and motion for preliminary injunctive relief, filed April 1, 2009, are HEREBY DENIED, without prejudice to renewal.


IT IS SO ORDERED.

Dated: **April 3, 2009**            /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE