# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PENNEY, | CASE NO. 1:09-cv-00382-GSA PC |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| JON FRANCO, et al., | |
| Defendants. | (Doc. 24) |

    Defendants Jon Franco, Lourdes Mettry, James Sorenson, and Hector Rios, Jr., move to dismiss plaintiff's suit pursuant to F.R.Civ.P. 12(b) because of plaintiff's failure to exhaust administrative remedies before filing the case. Defendants contend that plaintiff's administrative appeals were not exhausted until May 15, 2009.

    Plaintiff, a federal prisoner formerly residing at the United States Penitentiary at Atwater, California ("USP-Atwater"), sued defendants under 42 U.S.C. § 1983 for deliberate indifference to serious medical need in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff filed this § 1983 action on March 2, 2009.

    In a confused and unfocused brief, plaintiff argues the standard of review applicable to F.R.Civ.P. 12(b)(6) motions and affirmative defenses rather than that applicable to exhaustion. Plaintiff further argues that this court should waive the exhaustion requirement because of his illness and need for immediate diagnosis and treatment. Plaintiff does not contradict defendants' factual allegation that his administrative remedies were not exhausted until after he filed this suit. In fact, plaintiff conceded that his administrative remedies were not complete in Exhibit H,

appended to his complaint. "A prisoner's concession to nonexhaustion is valid grounds for dismissal . . . . ." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003).

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007), *citing* Porter v. Nussle, 534 U.S. 516, 524 (2002). Accordingly, prisoners are required to exhaust available administrative remedies prior to filing suit. Jones, 549 U.S. 211; McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).[1]

The exhaustion requirement applies to all prisoner suits relating to prison life. Porter, 435 U.S. at 532. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion of prison grievance procedures is now mandatory, even if the procedures do not meet federal standards and even if they are not "plain, speedy, and effective." Porter, 534 U.S. at 524, *quoting* Booth, 532 U.S. at 739 n. 5.

An inmate must exhaust his administrative remedies *before* filing a federal lawsuit. McKinney, 311 F.3d at 1200-01(*emphasis added*). The court directly addressed plaintiff's argument that dismissal without prejudice would waste court resources.

> While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit.

Id. at 1200.

///

///

---

[1] Plaintiff relies on Marella v. Terhune, 562 F.3d 983, *amended and superceded on denial of rehearing by* 568 F.3d 1024 (9th Cir. 2009), for the proposition that the court can create exceptions to the PLRA exhaustion requirement. Addressing the federal appeal of a state prisoner whose administrative action was rejected at the first level due to untimeliness, Marella is inapposite.

2

Exhaustion of administrative remedies is a prerequisite under the PLRA even when a sick or disabled inmate brings an action under the Americans with Disabilities Act or the Rehabilitation Act. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007).

Because plaintiff filed his federal lawsuit before his administrative appeals were completed, he fails to satisfy the PLRA requirement that he exhaust his administrative remedy before resorting to court action.  Accordingly, this court hereby ORDERS dismissal of this action, without prejudice, for failure to exhaust prior to filing suit.  42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated:   **September 14, 2009**           **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE